IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MEDICAL COMPONENTS, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation, BARD PERIPHERAL VASCULAR, INC., an Arizona corporation, and BARD ACCESS SYSTEMS, INC., a Utah corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **DENYING [55] DEFENDANTS' MOTION TO DISMISS AND**<br>• **REASSIGNING THE CASE UNDER DUCivR 83-2(g)**<br><br>Case No. 2:17-cv-01047<br><br>District Judge David Nuffer |

Defendants C.R. Bard, Inc., Bard Peripheral Vascular, Inc., and Bard Access Systems (collectively "C.R. Bard") seek dismissal of the patent infringement claim[1] brought by plaintiff Medical Components, Inc. ("MedComp") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] C.R. Bard argues that MedComp's patent should be litigated in two parallel proceedings pending before Judge Shelby and Judge Stewart in the District of Utah. Although Judge Shelby's case concerns different patents, and thus different issues,[3] the MedComp patent at issue here is also the subject of a declaratory judgment action in Judge Stewart's case.[4] Judge Stewart's case is the earlier filed action in the District of Utah. C.R. Bard's Motion to Dismiss[5] this action is DENIED; however, this case will be reassigned to Judge Stewart under DUCivR 83-2(g), our local rule governing transfers within the District of Utah.

---

[1] Amended Complaint, docket no. 22, filed June 7, 2017 ("Nuffer Complaint").

[2] Motion to Dismiss, docket no. 55, filed October 2, 2017.

[3] Order Denying Motions to Transfer, filing no. 150, filed February 7, 2018, 2:12-cv-32-RJS.

[4] Complaint, ECF no. 2, filed July 7, 2017, 2:17-cv-754-TS-EJF ("Stewart Complaint").

[5] Motion to Dismiss.

## BACKGROUND

C.R. Bard and MedComp are competitors in the medical technology field. They both develop and sell venous access ports, devices that can be implanted into a patient and used for the controlled infusion or withdrawal of fluids.[6] These parties are familiar patent litigants. Three cases between them assigned to three different judges are pending in the District of Utah.

In January 2012, C.R. Bard brought an action against MedComp for infringement of three patents, and MedComp brought a counterclaim for infringement of another (the "2012 Action").[7] That case is assigned to Judge Shelby and was administratively stayed in December 2012.[8]

In April 2017, MedComp brought this action against C.R. Bard in the Eastern District of Texas, claiming infringement of MedComp's Patent no. 8,852,160 ("the '160 patent").[9] The case was before Judge Love, who transferred the case to this court in August 2017.[10] Judge Love observed that the case showed "no ties" to the Eastern District of Texas, but he did not determine whether venue was proper.[11] Rather, Judge Love concluded that the interests of justice required transfer of the case to the District of Utah.[12]

Meanwhile, in July 2017, C.R. Bard had filed another action against MedComp (the "July 2017 Action").[13] That case, assigned to Judge Stewart, claims infringement of five additional

---

[6] Nuffer Complaint ¶¶ 21, 23, 25.

[7] Complaint, filing no. 2, filed January 11, 2012, 2:12-cv-32-RJS.

[8] Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Partial Stay, filing no. 93, filed December 17, 2012, 2012, 2:12-cv-32-RJS.

[9] Complaint, docket no. 1, filed April 27, 2017.

[10] Memorandum Opinion and Order Granting in Part Motion to Dismiss or Transfer, docket no. 33, filed August 16, 2017.

[11] *Id.* at 3.

[12] *Id.*

[13] Stewart Complaint.

C.R. Bard patents and also seeks declaratory judgment on MedComp's '160 patent.[14] The parties' dispute over the '160 patent is properly before Judge Stewart.

## DISCUSSION

### MedComp's Infringement Claim Does Not Belong in the 2012 Action.

C.R. Bard argues that MedComp's infringement claim should be litigated in the 2012 Action both because it was a compulsory counterclaim and because the 2012 Action was the earlier filed case on overlapping issues. However, the 2012 Action concerns different patents. Judge Shelby recently denied a Motion to Transfer by C.R. Bard, acknowledging that the 2012 Action concerns different patents, and therefore different issues.[15] Consistent with Judge Shelby's decision, the issues in the two actions do not substantially overlap, as would be required to defer to a first-filed case,[16] and do not arise out of the same transaction or occurrence, as required for a compulsory counterclaim.[17] MedComp's claim in this case for infringement of the '160 patent therefore does not belong in Judge Shelby's 2012 Action.

### MedComp's Claim Should Be Litigated with the July 2017 Action.

The choice of forum that Medical Components sought to secure in the Eastern District of Texas was lost with Judge Love's transfer to the District of Utah.[18] Now the claims under MedComp's '160 patent are assigned to two judges in this district. Litigating the '160 patent in both Judge Stewart's July 2017 Action and this action would create a risk of inconsistency, duplication of effort, and loss of economy.

---

[14] *Id.*

[15] Order Denying Motions to Transfer, filing no. 150, filed February 7, 2018, 2:12-cv-32-RJS.

[16] *In re TelebrandsCorp.*, 824 F.3d 982, 984–85 (Fed. Cir. 2016).

[17] Fed. R. Civ. P. 13(a).

[18] Order Granting Motion to Dismiss or Transfer, docket no. 33.

Although this case was filed in the Eastern District of Texas on April 27, 2017, prior to the July 2017 Action, this case does not take priority over the July 2017 Action. The July 2017 Action has a lower case number and was filed first in the District of Utah. The reasons for which MedComp chose to file this action in the Eastern District of Texas, including an expectation of a faster resolution,[19] no longer apply. Under Federal Circuit law, when issues overlap in separately filed cases, no preference is afforded to a first-filed case if the first court was chosen by "forum shopping."[20] In transferring this case to the District of Utah, Judge Love observed that the case showed "no ties" to the Eastern District of Texas.[21] MedComp likewise has not articulated forum-based (as opposed to court- or reputation-based) reasons for filing first in the Eastern District of Texas. The record does not reflect a connection between the Eastern District of Texas and the locations of witnesses, defendants, or business operations. Therefore, the earlier filing in the Eastern District of Texas does not give priority to this case.

"Considerations of judicial and litigant economy," which can overcome the first-filed rule,[22] also support deferring to the July 2017 Action. Both this action and the July action involve MedComp's '160 patent. MedComp can be granted leave to assert its affirmative claim in that action. Judge Stewart will be educated on the accused products and the relevant area of medical technology by handling the claims on C.R. Bard's patents asserted in the July 2017 Action. And a single track for case management and discovery promotes efficiency as well.

MedComp's claims for patent infringement should be decided together with the parallel action concerning the '160 patent before Judge Stewart. Our district's local rules provide a

---

[19] MedComp's Opposition to Defendant's Motion to Dismiss at 7, docket no. 60, filed October 20, 2017.
[20] *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).
[21] Order Granting Motion to Dismiss or Transfer at 3, docket no. 33.
[22] *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

mechanism for uniting this case with Judge Stewart's case without dismissing this case as C.R. Bard seeks with its Motion to Dismiss. Pursuant to DUCivR 83-2(g), this case will be reassigned to Judge Stewart by transfer within the district. A judge in our district can raise such a transfer sua sponte.[23] As explained above, several of the factors provided in DUCivR 83-2(g) weigh in favor of transfer. Judge Stewart's case involves the same patent, the same parties, and the same questions of law (or their converse).[24] Proceeding in separate cases would entail substantial duplication of labor or unnecessary court costs or delay[25] and risk of inconsistent verdicts or outcomes.[26] Therefore, this case is reassigned to Judge Stewart to be decided together with the July 2017 Action.

## ORDER

IT IS HEREBY ORDERED that C.R. Bard's Motion to Dismiss[27] is DENIED.

IT IS FURTHER ORDERED that this case is transferred within the district under DUCivR 83-2(g) and reassigned to Judge Stewart to be decided together with his July 2017 Action.

Dated March 23, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[23] DUCivR 83-2(g).

[24] DUCivR 83-2(g)(2)–(4).

[25] DUCivR 83-2(g)(5).

[26] DUCivR 83-2(g)(6).

[27] Docket no. 55.